**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 24-cr-00314 (DLF) |
| LARNELL HUTCHINSON, | |
| *Defendant.* | |

**<u>MEMORANDUM OPINION</u>**

Before the Court is Larnell Hutchinson's "Motion of Appeal," Dkt. 35, which the Court

has construed as a motion filed under 28 U.S.C. § 2255.  For the reasons that follow, the Court

will deny the motion.

**I.      BACKGROUND**

On February 3, 2025, Hutchinson pleaded guilty to one count of unlawful possession of a

firearm and ammunition by a person convicted of a crime punishable by imprisonment for a term

exceeding one year, in violation of 18 U.S.C. § 922(g)(1).  On May 6, 2025, the Court sentenced

him to 46 months of imprisonment, followed by 36 months of supervised release.  *See* Judgment

2–3, Dkt. 32.

On December 5, 2025, Hutchinson filed in this Court a "Motion of Appeal" that raised an

ineffective assistance of counsel claim.  *See* Mot. 1, Dkt. 35.  The Court subsequently entered an

Order notifying Hutchinson that his claim could be raised only in a motion pursuant to 28 U.S.C.

§ 2255.  Order 1, Dkt. 37.  The Court informed Hutchinson that it intended to construe his pleading

as such a motion, informed him of the consequences that could result, and gave him 60 days to

withdraw or amend his filing.  *See id.* at 1–2.  When Hutchinson failed to take further action, the

Court construed his pleading as a motion filed under § 2255 and ordered the government to respond.  *See* April 18, 2026 Minute Order.

## II.    LEGAL STANDARDS

### A.    28 U.S.C. § 2255

Under 28 U.S.C. § 2255, a federal prisoner may move "to vacate, set aside or correct" his sentence on the grounds that it "was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  28 U.S.C. § 2255(a).  "If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate."  *Id.* § 2255(b).

Section 2255, however, "is not a substitute for a direct appeal."  *United States v. Pollard*, 959 F.2d 1011, 1020 (D.C. Cir. 1992).  "Once the defendant's chance to appeal has been waived or exhausted," a court is "entitled to presume he stands fairly and finally convicted."  *United States v. Frady*, 456 U.S. 152, 164 (1982).  Accordingly, "to obtain collateral relief[,] a prisoner must clear a significantly higher hurdle than would exist on direct appeal."  *Id.* at 166; *see Pollard*, 959 F.2d at 1020.  A prisoner seeking relief under § 2255 "bears the burden of proof" and "must demonstrate h[is] right to relief by a preponderance of the evidence."  *United States v. Ashton*, 961 F. Supp. 2d 7, 11 (D.D.C. 2013).

Although § 2255 generally affords a "prompt hearing" on the prisoner's motion, a hearing is not required when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Furthermore, "[e]ven if the files and records of the case do not clearly rebut the allegations of the prisoner, no hearing is required where his claims are 'vague, conclusory, or palpably incredible.'" *Pollard*, 959 F.2d at 1031 (quoting *Machibroda v. United States*, 368 U.S. 487, 495 (1962)); *see United States v. Toms*, 396 F.3d 427, 437 (D.C. Cir. 2005) (Roberts, J.) (no hearing required where prisoner did not "point to any information outside the record that would have substantially assisted the district court in its disposition and thus perhaps necessitated a hearing"). "Only where the § 2255 motion raises 'detailed and specific' factual allegations whose resolution requires information outside of the record or the judge's 'personal knowledge or recollection' must a hearing be held." *Pollard*, 959 F.2d at 1031 (quoting *Machibroda*, 368 U.S. at 495).

## B.      Ineffective Assistance of Counsel

The Sixth Amendment guarantees criminal defendants the right to the "effective assistance of competent counsel," both at trial and during the plea-bargaining process. *Lafler v. Cooper*, 566 U.S. 156, 162 (2012) (citation modified); *see id.* at 162–63. To establish ineffective assistance under *Strickland v. Washington*, 466 U.S. 668 (1984), a defendant must show both that his attorney's "performance was deficient" and that "the deficient performance prejudiced the defense." *Id.* at 687. Counsel's performance is deficient if it falls "below an objective standard of reasonableness." *Id.* at 688. And a performance is prejudicial if there is a "reasonable probability" that, but for the attorney's errors, "the result of the proceeding would have been different." *Id.* at 694. In the plea context, this standard requires the defendant to demonstrate that "there is a

3

reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

In assessing plea counsel's performance, the Court must make "every effort" to "eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Strickland*, 466 U.S. at 689. Likewise, the Court may find prejudice only if "[t]he likelihood of a different result" is "substantial, not just conceivable." *Harrington v. Richter*, 562 U.S. 86, 112 (2011).

## III.    ANALYSIS

Hutchinson asserts an ineffective assistance of counsel claim on three bases: (1) he "wanted to proceed to trial," but his attorneys told him not to do so because he "w[ould] lose trial and get the maximum penalty"; (2) he accepted his plea after one of his attorneys "promised [him] that [he] would get a lesser sentence" than if he went to trial and lost; and (3) although he informed his attorneys that he "wanted to enable [his] right to a speedy trial," they did not invoke that right on his behalf. Mot. 1 (citation modified).

None of Hutchinson's allegations rises to the level of constitutionally ineffective assistance of counsel. *See Strickland*, 466 U.S. at 687–91.

To start, Hutchinson's claim that his counsel coerced him not to proceed to trial and promised him a lesser sentence if he pleaded guilty is not supported by the record. During the plea hearing, Hutchinson confirmed—under oath—that no one had promised him the sentence the Court would impose, Rough Tr. of Sentencing Hr'g 21:14–19, or forced him to plead guilty, *id.* at 21:20–22. Hutchinson further represented that he understood that the sentence the Court ultimately imposed might be different from any estimate his attorney had given. *Id.* at 16:24–17:2. And he affirmed that he was pleading guilty because he was in fact guilty. *Id.* at 21:23–25.

Furthermore, the Court took two recesses during the hearing so that Hutchinson could consider whether to proceed with his plea. *See id.* at 3:13–23; *id.* at 12:3–15. On both occasions, Hutchinson conferred with his counsel and then informed the Court that he wanted to proceed. *See id.* at 3:24–4:1; *id.* at 12:16–25. Hutchinson's representations during the plea hearing "constitute a formidable barrier in any subsequent collateral proceedings," as "[s]olemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977); *see id.* at 73–74; *cf. United States v. Jones*, 642 F.3d 1151, 1158 (D.C. Cir. 2011) ("A motion that can succeed only if the defendant committed perjury at the plea proceedings may be rejected out of hand unless the defendant has a compelling explanation for the contradiction." (citation modified)).

To the extent that Hutchinson's counsel represented that his plea offer would likely result in a lower sentence than that which he would receive if he went to trial, or that the evidence against him was sufficiently strong that a jury would likely convict him of the charged offense, such representations are not constitutionally deficient. "Plea bargains are the result of complex negotiations suffused with uncertainty, and defense attorneys must make careful strategic choices in balancing opportunities and risks." *Premo v. Moore*, 562 U.S. 115, 124 (2011); *see United States v. Browne*, No. 22-3061, 2023 WL 8643002, at *2 (D.C. Cir. Dec. 14, 2023) ("*Strickland* grants significant deference to attorneys' decisions following a thorough consideration of the law and facts."). Informing a defendant of the relative risks of proceeding to trial constitutes "reasonable strategy," *Massaro v. United States*, 538 U.S. 500, 505 (2003), not ineffective assistance.

Furthermore, Hutchinson's conclusory assertion that he wished to proceed to trial is insufficient to establish that there is a "reasonable probability" that, but for his counsel's alleged

errors, "he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59. The Supreme Court has instructed that "[c]ourts should not upset a plea solely because of *post hoc* assertions from a defendant about how he would have pleaded but for his attorney's deficiencies," and "should instead look to contemporaneous evidence to substantiate a defendant's expressed preferences." *Lee v. United States*, 582 U.S. 357, 369 (2017). For the reasons stated, the contemporaneous evidence does not support Hutchinson's claim.

Hutchinson's speedy trial argument also fails. "The Speedy Trial Act establishes a general rule: if a defendant is not brought to trial within seventy days of indictment, the court 'shall' dismiss the indictment 'on motion of the defendant.'" *United States v. Miller*, 953 F.3d 804, 810 (D.C. Cir. 2020) (citation modified) (quoting 18 U.S.C. § 3162(a)(2)). At the same time, the Act permits a district court to delay trial on its own motion or at the request of the defendant or his counsel or of the government if the court determines that "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Although Hutchinson argues that his counsel failed to invoke the Speedy Trial Act on his behalf, *see* Mot. 1, he does not explain how that allegedly deficient performance "prejudiced" his defense, *Strickland*, 466 U.S. at 687. Indeed, such an argument would be difficult here. On each of the five occasions on which the Court excluded time under the Speedy Trial Act between the filing of the indictment on July 3, 2024, and Hutchinson's plea hearing on February 3, 2025, the Court excluded time in part to allow the defense to determine how to best defend the case and with Hutchinson's purported consent. *See* July 15, 2024 Minute Order; September 9, 2024 Minute Order; October 24, 2024 Minute Order; November 4, 2024 Minute Order; December 12, 2024 Minute Order. In any event, Hutchinson does not argue that there is a "reasonable

6

probability" that the Court would have declined to exclude time on any of those occasions had he or his counsel objected to the exclusion. *Strickland*, 466 U.S. at 694.

Finally, the Court will decline to hold a hearing on Hutchinson's motion. For the reasons already explained, the motion, files, and records in this case "conclusively show" that Hutchinson is not entitled to relief. 28 U.S.C. § 2255(b). Furthermore, Hutchinson's factual allegations are not sufficiently "detailed and specific" to warrant a hearing, *Machibroda*, 368 U.S. at 495, and Hutchinson has not "point[ed] to any information outside the record" that would "substantially assis[t]" the Court in assessing his claim, *Toms*, 396 F.3d at 437.

### CONCLUSION

For the foregoing reasons, the Court will deny the defendant's motion for relief under 28 U.S.C. § 2255. The Court will not grant a Certificate of Appealability. *See* 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b)(1). A separate Order consistent with this decision accompanies this Memorandum Opinion.

_____
DABNEY L. FRIEDRICH
United States District Judge

August 4, 2026

7